IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL A. McCANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-563-C |
| | ) | |
| LUCRETIA PARKEY; AND | ) | |
| PROFESSIONAL SERVICE GROUP LLC, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff, Michael A. McCann's Motion to Compel Discovery (Dkt. No. 15). Defendant Lucretia Parkey filed a Response to Plaintiff's Motion to Compel (Dkt. No 18). Plaintiff McCann filed a Reply to Response to Motion to Compel Discovery (Dkt. No. 19). The Motion is now at issue.

I. Background

This discovery dispute arises from a contested sale of a business, Professional Service Group, LLC, specifically pertaining to the issue of whether the sale of the business was rescinded and who owned and controlled Defendant Professional Service Group, LLC, during the timeframe the litigation arose. Plaintiff requests income tax returns from Defendants Parkey and Professional Service Group, LLC. Defendant Parkey argues that producing the tax returns for Defendant Professional Service Group, LLC, and redacted versions of Defendant Parkey's personal tax returns "that only disclose Schedule C and all schedules and/or information related thereto" should suffice for discovery purposes. (Resp.

to Pls. Mot. to Compel, Dkt. No. 18, p. 1.) Defendant Parkey does not entirely dispute the relevancy of the unredacted personal tax returns and mainly asserts from a public policy standpoint that Plaintiff McCann should not be granted unlimited access to personal tax returns and information.

## II.  Standard

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  This requirement is often coupled with the public policy concerns that offer protection against tax returns' production.  See Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D. Kan. 1997).  Of note, there is also "no absolute privilege [that] exists preventing their discovery." Id. at 189.  Additionally, it is common practice that courts will not require the production of tax returns when that information is readily available through other means and sources.  See id.  "While courts have been reticent to compel taxpayers to disclose income tax return information merely because they have become parties to a lawsuit, they nonetheless, have compelled production of income tax returns 'where a litigant himself tenders an issue as to the amount of his income.'" Fields v. General Motor Corp., No. 94-C-4066, 1996 WL 14040 at *4 (N.D. Ill. Jan 14, 1996) (quoting Poulos v. Naas Foods, Inc., 959 F.2d 69, 75 (7th Cir. 1992)).

## III.  Discussion

Plaintiff asserts that Defendant Parkey "appears to have claimed to be the sole proprietor (100% owner) of PSG in her and her husband's (Billy Parkey's) joint income tax returns for years 2010-2015." (Pl.'s Mot. to Compel Disc., Dkt. No. 15, p. 3.)  Plaintiff

also argues that Defendant Parkey's and Defendant Professional Service Group, LLC's tax returns for 2010-2015 are relevant for discovery purposes. (Pl.'s Mot. to Compel Disc., Dkt. No. 15, p. 6.) Defendant Parkey argues that it would be against public policy to allow income tax returns to become discoverable. (Def.'s Resp. to Pls. Mot. to Compel, Dkt. No. 18, p. 2.) The Court does not find this argument persuasive and finds the tax returns are relevant to the instant inquiry.

Defendants Parkey and Professional Service Group, LLC, shall produce their 2010-2015 unredacted tax returns subject to a Protective Order to be agreed upon among counsel and submitted to the Court. Plaintiff has requested reasonable costs and expenses, including attorney's fees (Pl.'s Mot. to Compel Disc., Dkt. 15, p. 7). If a motion is granted, Rule 37 allows for the recovery of reasonable expenses. See Fed. R. Civ. P. 37(a)(5). The Court finds that Defendant Parkey was not substantially unjustified in her argument and all parties will be responsible for their own reasonable costs and expenses in connection with this Motion.

## IV. Conclusion

Accordingly, Plaintiff's Motion to Compel Discovery (Dkt. No. 15) is GRANTED.

IT IS SO ORDERED, this 27th day of March, 2018.

_____
ROBIN J. CAUTHRON
United States District Judge